20787

The STATE, Respondent, v. Raymond Leroy PETERS, Appellant.

(248 S. E. (2d) 475)

*Barry Krell,* of *Uricchio, Howe & Krell,* Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. Kay G. Crowe,* Columbia, and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

October 19, 1978.

RHODES, Justice:

The appellant, Raymond Leroy Peters, was charged with possession of marijuana with intent to distribute. Prior to trial, the appellant moved to suppress evidence of 23 pounds of marijuana seized during a warrantless search of his automobile, and also to suppress his statement to arresting officers admitting the ownership of the seized marijuana. Fol-

lowing an evidentiary hearing wherein both motions were denied, the appellant waived a jury trial and was found guilty by the presiding judge of possession of marijuana with intent to distribute. In his appeal, appellant questions only the correctness of the trial judge's denial of the motion to suppress, conceding that determination of the legality of the search of his automobile would govern admissibility of his subsequent incriminating statement. We affirm.

The undisputed facts in this case are that on June 28, 1977, a Folly Beach police officer, Officer Watson, received a telephone call at approximately 10:00 A. M. from an informant personally known to him. This informant told him that a yellow Grand Prix automobile with a white top and S. C. license tags bearing the digits "308" would be leaving the beach within a short period of time transporting a quantity of marijuana. The officer solicited the aid of a fellow officer and the two of them immediately drove to and positioned themselves on Center Street, which is the only exit from Folly Beach. No search warrant was procured by the officers. In less than five minutes after so positioning themselves, they observed a car fitting the informant's description traveling away from the beach. Upon following the vehicle, Officer Watson recognized the driver of the car, who is the appellant in this case, as a person who had been seen by him in the past in the company of people when drug-like pills and marijuana were being used. The identity of the passenger was likewise known because Officer Watson in the past had arrested and charged him with possession of marijuana. After following the Grand Prix for four blocks, the officers stopped the car and instructed the driver and passenger to remove themselves from the car.

Despite the refusal of the driver to allow the officers to search his automobile, the police commenced a search of the interior whereupon they discovered what appeared to be a portion of a marijuana cigarette in the ashtray. They then obtained the keys and opened the trunk of the automobile

which contained a locked suitcase. The officers were able to open the suitcase without a key and it was found to contain marijuana. The police then arrested both occupants and advised the driver upon arrival at the police station that if the passenger was not the owner of the marijuana they would not charge him with the offense. It was at this point that the appellant gave the oral statement admitting ownership of the marijuana. The officers had appellant's car towed to the police station where they conducted an inventory search of the vehicle and discovered a cardboard box in the trunk containing additional marijuana.

It is well settled that searches conducted without a warrant are *per se* unreasonable unless an exception to the warrant requirement is presented,[1] and the burden is upon the State to justify a warrantless search. *Coolidge v. New Hampshire,* 403 U. S. 443, 91 S. Ct. 2022, 29 L. Ed. (2d) 564 (1971). The factual circumstances of this case fall within the Carroll Doctrine automobile exception to the warrant requirement which permits warrantless searches conditioned upon the presence of both: (1) probable cause to believe that an automobile contains evidence of a crime and (2) exigent circumstances arising out of the mobility of the automobile and its consequently likely disappearance if the search is not executed immediately. *Chambers v. Maroney,* 399 U. S. 42, 90 S. Ct. 1975, 26 L. Ed. (2d) 419 (1970) ; *Carroll v. United States,* 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925). The appellant does not question the exigency of the circumstances which precipitated the initial search of his automobile but alleges an absence of probable cause under *Aguilar v. Texas,* 378 U. S. 108, 84 S. Ct. 1509, 12 L. Ed. (2d) 723 (1964). He contends (1) that there was insufficient evidence that the informant was reliable or credible and (2) that, even assuming the informant to be reliable or credible, he failed to furnish the police

---

[1] These recognized exceptions have included: (1) search incident to a lawful arrest, (2) "hot pursuit", (3) "stop and frisk", (4) "automobile exception", (5) the "plain view" doctrine, and (6) consent.

authorities with sufficient detailed information or the underlying circumstances incident to the informant's receipt of his information. We agree with appellant that the standards of *Aguilar, supra,* and *Spinelli v. United States,* 393 U. S. 410, 89 S. Ct. 584, 21 L. Ed. (2d) 637 (1969) are controlling under the facts of the case at bar even though the action now under consideration was warrantless.[2]

██ ██ Appellant first contends that the evidence presented in the form of testimony from both officers was insufficient to establish that the informant was reliable or credible in conformity with the first requirement of *Aguilar.* Officer Watson testified that he recognized the informant's voice on the telephone and stated that the informant had previously given him information on four or five occasions concerning ". . . the location of drugs on the beach," and ". . . told me where certain people would be, when marijuana would be in their possession and they would be smoking it." This information was later personally verified as true by the officer. Although the officer had made no arrests resulting from these tips, he explained that he ". . . did not make the arrest because at the time I was trying to build into a larger case some people who I thought were bringing drugs in the beach." On the basis of this testimony, it would appear to us that the inherent credibility of the informant had been established; however, even if there was not sufficient evidence to support the informant's credibility based upon the officer's independent knowledge concerning prior dealings with this informant, the officer's direct observation of the Grand Prix automobile conforming in every respect to the informants tip would provide sufficient

---

2 Although both *Aguilar* and *Spinelli* involved warrant applications, it is clear that the same analysis will apply in a judicial determination (at a suppression hearing or upon appellate review) of whether an officer had probable cause to conduct a warrantless search of an automobile. See *Spinelli, supra,* 393 U. S. at 417, 89 S. Ct. at 589, n. 5. This proposition is derived from the court's rationale that the standards for warrantless action should be no less stringent than the standards for obtaining a warrant. *Wong Sun v. United States,* 371 U. S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963).

circumstances to assure the reliability of the informant's information on this particular occasion. Corroboration of this nature has been allowed to bolster the credibility of a confidential informant. *Spinelli v. United States, supra.* For the reasons stated, we conclude that the reliability or credibility of the informant was firmly established and find this first contention is without merit.

Appellant further contends that, even if credibility or reliability of the informant was sufficiently proved, officers were without probable cause to make the search in that the informant failed to set forth the underlying factual circumstances through which he received his information; stated otherwise, the appellant asserts that the informant disclosed nothing which would engender confidence in the source or substance of his tip. In determining the issue before us, we are not solely dependent upon the language of the telephone conversation with informant. All the evidence within the officers' knowledge may be considered in determining the presence of probable cause, including the details they observed while responding to the tip. *Draper v. United States,* 358 U. S. 307, 79 S. Ct. 329, 3 L. Ed. (2d) 327 (1959). In the *Draper* case, the court found sufficient probable cause for a narcotics agent to make a warrantless arrest of a defendant as a result of information given him by a "special employee" of the Narcotics Bureau. The information given was that the defendant, who was unknown to the agent, would alight from a certain train on either one of two days, wearing certain clothing and carrying a tan zipper bag, that he would be walking fast and carrying narcotics. The agent spotted an individual alighting from a train and fitting the description given by the informant in every detail, and the court there held that ". . . surely, with every other bit of the informant's information being thus personally verified, [Agent] Marsh had 'reasonable grounds' to believe that the remaining bit of information—that Draper would have heroin with him—was likewise true." *Id.* 358 U. S.

at 313, 79 S. Ct. at 333. Again, in *McCray v. Illinois*, 386 U. S. 300, 303, 304, 87 S. Ct. 1056, 1058, 18 L. Ed. (2d) 62 (1967), police officers acted upon an informant's report that McCray was "selling narcotics and had narcotics on his person and that he could be found in the vicinity of 47th and Callumet," and when they arrived at the described location they directly observed an individual who fully met the informant's description.[3]

■   Measuring the evidence at bar against the analogous circumstances of *McCray* and *Draper,* we conclude that the details were sufficiently verified to make implicit what had not been made explicit: that the informant spoke from personal knowledge. The officers' follow-up on the informant's information that the vehicle would leave the beach in a short while, and their direct observation of the Grand Prix's departure from the beach area within minutes would certainly bolster their opinion of the call's validity. It is particularly significant that the automobile matched in every detail the description given by the informant including the license number. Furthermore, the recognition by the officer of the occupants of the automobile as persons whom he could identify as part of the local drug scene could logically have enhanced the conclusion that probable cause existed.

In finding that probable cause exists in the present case, the following quotation from *Brinegar v. United States,* 338 U. S. 160, 175, 69 S. Ct. 1302, 1310, 93 L. Ed. 1879 (1949), is especially applicable:

In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.

---

[3] The conclusions of *Draper* and *McCray* that probable cause existed were subsequently cited with approval in *Spinelli,* it appearing that in neither of these cases did the informant relay to the arresting officer the source of his tip.

The second search of the automobile, the inventory search, does not require a different holding as to its constitutionality. It is well settled that a follow-up search is sanctioned where the initial seizure of the automobile was based upon probable cause. *Chambers v. Maroney, supra.*

In finding that the trial judge's denial of appellant's motion to suppress evidence was proper, we, accordingly, affirm.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.