21281

The STATE, Respondent, v. James HUGGINS, Appellant.

(269 S. E. (2d) 334)

230

*Hugh W. Cannon,* Hartsville, and *Robert L. Kilgo,* Darlington, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. J. DuPre Miller,* Bennettsville, *for respondent.*

July 30, 1980.

LITTLEJOHN, Justice:

James Huggins was convicted of possession of marijuana with intent to distribute. He appeals, asserting that certain hearsay testimony was improperly admitted and that the evidence gathered as the result of a warrantless search should have been excluded. We affirm.

Huggins was the proprietor of a public business in Hartsville known as the Sociable Club. On the afternoon of the arrest, a police officer's informant made a controlled purchase of marijuana at the club. The officer received this evidence and sent the informant back to the club while he attempted to contact a magistrate to procure a search warrant. About 30 to 60 minutes later, the informant returned to the police station and indicated that the marijuana was being sold at a rapid pace. Having been unable to contact a magistrate and fearing that the evidence would be dispersed, the police officer proceeded to enter and search the club without a warrant. The officer discovered over three ounces of marijuana, packaged for sale, in a brown paper bag behind the bar. Huggins, who was not present at the time of the search, was arrested later that day for being in constructive possession of the marijuana.

The first exception raised by Huggins maintains that certain hearsay evidence was improperly admitted at trial. The testimony in question was that of a police officer relating matters stated to him by the informant. Whether this testimony is hearsay or not is unimportant, since the informant later testified at the trial. As stated by Professor Wigmore:

"The theory of the hearsay rule is that the many possible deficiencies, suppressions, sources of error and untrustworthiness, which lie underneath the bare untested assertion of a witness, may be best brought to light and exposed by the test of cross-examinaton. . . . the hearsay rule, as accepted in our law, signifies a rule rejecting assertions, offered testimonially, which have not been in some way subjected to the test of cross-examination." 5 Wigmore, *Evidence* § 1362 (Chadbourn rev., 1974).

Accordingly, the admission of the testimony was rendered harmless by the subsequent testimony of the person who made the statement. He was available for cross-examination.

Huggins next asserts that the marijuana found during the warrantless search should have been excluded from evidence. We disagree. This court in *State v. Peters,* 271 S. C. 498, 248 S. E. (2d) 475 (1978), said:

"It is well settled that searches conducted without a warrant are *per se* unreasonable unless an exception to the warrant requirement is presented, and the burden is upon the State to justify a warrantless search." Footnote omitted, citing *Coolidge v. New Hampshire,* 403 U. S. 443, 91 S. Ct. 2022, 29 L. Ed. (2d) 564 (1971).

The exceptions to the warrant requirement are based upon the conclusion that under certain situations the exigencies of a situation make an immediate search and seizure imperative. *United States v. Hare,* 589 F. (2d) 1291 (6th Cir. 1979). The facts and circumstances of each case must be examined to determine whether such exigent circumstances were present. We are convinced that the facts and circumstances surrounding this incident made this warrantless search reasonable.

There can be no doubt but that the police officer could have made a probable-cause showing before a judicial officer. An informant who had given him reliable information on previous occasions, reported to him ". . . that drugs were being sold in the business establishment known as the Sociable Club, . . ." Thereafter he sent the informant to make a purchase. He returned with ". . . a small bag of marijuana." Thereupon the officer sought, but was unable to find a judicial officer to issue a search warrant. His efforts to procure a warrant were obviously in good faith. It was not until after he failed to find a judicial officer that he proceeded with the search. He explains his action as follows:

"Well, from the information that I had found out the drugs were being sold fast and furious and we were afraid we were going to lose them, I mean we were afraid that they were going to be gone if we waited and allowed too much

time to elapse. Most of the time when drugs come in like that the words get out on the street and they go out real quick. You don't have much time to get them, so we had to go quick."

At that time the police officer did not know the quantity of drugs present in the bar and thus ran the risk that the marijuana could be distributed through sale or otherwise to the consuming public. The threat of removal was real and, under the circumstances, it was not unreasonable for the police officers to act quickly. Delay might easily have made the search useless. The search did not involve a home or a private office, but rather a public place where persons gathered for the purpose of drinking alcoholic beverages. Further, the search was conducted in the middle of the afternoon and concentrated in the area where the informant indicated the drugs were stored. Under the whole of the circumstances, we conclude that the search without a warrant was not unreasonable.

Affirmed.

LEWIS, C. J., and GREGORY and HARWELL, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting) :

I dissent, concluding the warrantless search of the appellant's store and the warrantless seizure of a paper bag containing fifty-seven small packages of marijuana was unreasonable and violative of the Fourth Amendment.

Unquestionably searches conducted without a warrant are *per se* unreasonable unless an exception to the warrant requirement is presented and the burden is upon the State to justify a warrantless search. *Coolidge v. New Hampshire,* 403 U. S. 443, 91 S. Ct. 2022, 29 L. Ed. (2d) 564 (1971) ; *State v. Peters,* 271 S. C. 498, 248 S. E. (2d) 475 (1978).

A warrant is normally a prerequisite to a search unless exigent circumstances make compliance with this require-

ment impossible. *Mincey v. Arizona,* 437 U. S. 385, 98 S. Ct. 2408, 57 L. Ed. (2d) 290 (1978).

The State sought to satisfy this requirement by proving probable cause and exigent circumstances. While the State probably has established probable cause, it has failed to establish exigent circumstances.

The State relies upon the police officer's belief the drugs were about to be removed or destroyed as the exigent circumstance necessary to justify the warrantless seizure. The officer's belief based solely upon information supplied by an informant that ". . the drugs were being sold fast and furious and we were afraid we were going to lose them . . ." There is no corroboration of this information in the record. There was no proof of increased activity in and around the premises, no showing of an increase in the number of customers and no proof that drugs were about to be removed or destroyed. This "exigency," if it, in fact, existed, is refuted by the amount of marijuana seized.

The appellant's interest in the contents of the bag on the shelf in the store is substantial. He had the same legitimate expectation of privacy in the closed bag, as was recognized in *U. S. v. Chadwick,* 433 U. S. 1, 97 S. Ct. 2476, 53 L. Ed. (2d) 538 (1977) and *Arkansas v. Sanders,* 442 U. S. 753, 99 S. Ct. 2586, 61 L. Ed. (2d) 235 (1979). Here there was no reason to believe that the paper sack presented any danger to the officer or others. At the time of the search, the paper sack could not be classified as evidence.

An analogous case is *United States v. Rubin,* 474 F. (2d) 262, 268 (3rd Cir. 1973), where it was held when officers have

"[P]robable cause to believe contraband is present and, in addition, based on the surrounding circumstances or the information at hand, they reasonably conclude that the evidence will be destroyed or removed before they can secure a search warrant, a warrantless search is justified. . . Circum-

stances which have seemed relevant to courts include (1) the degree of urgency involved and the amount of time necessary to obtain a warrant ... (2) reasonable belief that the contraband is about to be removed. .."

Here the police had reliable information pursuant to a "buy" that drugs were present. The magistrate could not be located, but see *Long v. State,* 508 S. W. (2d) 47 (Ark. 1974), which held not to be sufficient that judge was out of town. Informer advised police "drugs were being sold fast and furious." Police went into store and searched paper sacks on shelf of store.

Terms like "'exigent circumstances" or "urgent need" are useful in underscoring the heavy burden on the police to show that there was a need that could not brook the delay incident to obtaining a warrant.

Officers' failure to obtain a warrant to seize can be excused only if the circumstances at the time of the seizure were sufficiently exigent to make their course of action imperative.

I do not believe such circumstances existed here. The officers could have watched the paper sacks until a magistrate could issue a warrant.

If the warrant can be obtained, the officers must be free to preserve the situation intact while the required procedures are followed. *United States v. Van Leeuwen,* 397 U. S. 249, 90 S. Ct. 1029, 25 L. Ed. (2d) 282 (1970).

Although the Fourth Amendment guarantees the right of people to be secure in their "houses," this protection is by no means limited to residential buildings. It has been consistently held that offices and stores and other businesses and commercial premises are likewise entitled to protection against unreasonable searches and seizures. *Mancusi v. DeForte,* 392 U. S. 364, 88 S. Ct. 2120, 20 L. Ed. (2d) 1154 (1968).

A store open to the public, offers an "implied" invitation to enter. The officers here had the right to enter but not to seize

items in a brown paper bag which were not in plain view. *U. S. v. Berrett,* 513 F. (2d) 154 (1st Cir. 1975).

I conclude the expectation of privacy in this paper sack outweighs the custodial interests making the opening of the sack unreasonable and a violation of the Fourth Amendment.

In order to justify a warrantless search based upon exigent circumstances, this Court should adopt *as a minimum* the procedural safeguards required for a valid "stop" as set forth in *Terry v. Ohio,* 392 U. S. 1, 21, 88 S. Ct. 1868, 1880, 20 L. Ed. (2d) 889 (1968).

"[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."

The record is devoid of specific and articulable facts to support a determination that exigent circumstances were present at the time of the warrantless seizure. I would reverse and remand.