23506

Ben Franklin FERNANDEZ, Petitioner v.
STATE of South Carolina, Respondent.

(411 S.E. (2d) 426)

Supreme Court

*M. Anne Pearce, Asst. Appellate Defender*, of the *South Carolina Office of Appellate Defense*, Columbia, *for petitioner*.

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.*, Columbia, *for respondent*.

Submitted Sept. 25, 1991.

Decided Nov. 12, 1991.

TOAL, Justice:

Ben Franklin Fernandez, petitioner, was tried and convicted of possession of crack cocaine with intent to distribute, resisting arrest and carrying a pistol. He was sentenced to twenty years in prison and fined $25,000 for possession of crack cocaine with intent to distribute, one year concurrent for resisting arrest, and one year concurrent for possession of a pistol. Petitioner's case first comes to this Court in an appeal from his Post-Conviction Relief hearing. In petitioner's Post-Conviction Relief hearing, the trial judge found that petitioner's trial counsel was not ineffective for failing to object to the introduction of inadmissible evidence when counsel used the improper evidence to petitioner's benefit, but that trial counsel was ineffective for failing to perfect petitioner's appeal. We agree; and, thus affirm the Post-Conviction Relief judge on both issues. Under *White v. State*, 263 S.C. 110, 208 S.E. (2d) 35 (1974), we address petitioner's sole issue on direct appeal: whether the introduction of money and drugs aban-

doned by petitioner was a violation of his Fourth Amendment search and seizure rights. We affirm.

## FACTS

On May 27, 1988, petitioner was standing in a group of six or eight people on Piedmont Street in Spartanburg, South Carolina. Several police officers approached the group. Petitioner broke from the group and ran carrying two packages. The police officers pursued him. As petitioner ran, he dropped the packages he was carrying. When the police officers caught petitioner and subdued him, all of the packages had been abandoned. The police recovered the packages, one of which contained $13,000.00 and the other contained a quantity of crack cocaine.

Petitioner was then taken to the police station, searched, booked and jailed. In the search at the police station, the officers found a syringe in petitioner's pocket. The syringe was not disclosed by the solicitor in pretrial discovery as required by *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. (2d) 215 (1963) and South Carolina Criminal Procedure Rule 5. At trial, the prosecution introduced the money and drugs found in the packages over defense attorney's objections; however, the syringe was introduced into evidence without objection from trial counsel.

## ANALYSIS

Petitioner's sole issue on direct appeal is whether admitting into evidence the money and drugs in the packages abandoned by petitioner and retrieved by the police after subduing petitioner was error. We find it was not.

In *California v. Hondari D.,* — U.S. —, 111 S. Ct. 1547, 113 L. Ed. (2d) 690 (1991), a case with remarkably similar facts to the present case, the United States Supreme Court held that the defendant was not seized for Fourth Amendment purposes until he submitted to the authorities. *Id.* — U.S. at —, 111 S. Ct. at 1552, 10 L. Ed. (2d) at 699. Further, defendant abandoned the evidence while he was running from the police. *See Id.* It follows that evidence abandoned by the defendant before he was seized by the police cannot be the basis for a violation of the Fourth Amendment's prohibition against unreasonable search and seizure. *Id.* We

find no error in the admission of evidence so obtained.

Petitioner's remaining issue on Post-Conviction Relief is whether trial counsel was ineffective for failing to object to the improper introduction of the syringe.

In order to establish ineffectual assistance of counsel, petitioner must first show that counsel's performance was unreasonable under the prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984); *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989). Secondly, petitioner must prove "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cherry v. State*, 300 S.C. 115, 117-118, 386 S.E. (2d) 624, 625 (1989) (quoting *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984)). "The defendant is required to overcome the presumption that counsel was effective in order to receive relief." *Id.*

From a reading of the trial transcript and counsel's testimony at the Post-Conviction Relief hearing, it is clear that counsel's failure to object to the introduction of the syringe was a tactical move. *See Id.* Petitioner claimed that the crack cocaine was not his. Counsel sought to prove that the syringe was not consistent with the use of crack cocaine. Counsel cross-examined Officer Porter, the state's witness, who testified that he thought crack cocaine could be smoked or injected by syringe. However, Robert Carpenter, a forensic chemist with the South Carolina Law Enforcement Division, also the state's witness, admitted that crack cocaine could not be injected through a syringe. Thus, trial counsel impeached one state witness and bolstered the petitioner's claim that the crack cocaine was not his by showing that the syringe was not consistent with the charge against petitioner.

Far from harming petitioner, counsel used the syringe to petitioner's benefit. Unfortunately for petitioner, the syringe was not enough to exonerate him. Trial counsel's failure to object under these circumstances, however, was not ineffective assistance of counsel.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.