24322

The STATE, Respondent v. Napolean DUPREE, Appellant.

(462 S.E. (2d) 279)

Supreme Court

*M. Anne Pearce, Assistant Appellate Defender* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*T. Travis Medlock, Attorney General, Donald J. Zelenka, Chief Deputy Attorney General, Treva G. Ashworth, Senior Assistant Attorney General,* Columbia; and *David P. Schwacke, Solicitor* of *Ninth Judicial Circuit,* North Charleston, *for respondent.*

Heard Oct. 18, 1994.

Decided Sept. 18, 1995.

TOAL, Justice:

Appellant appeals his conviction for possession of crack cocaine with the intent to distribute. We affirm.

## FACTS

On November 21, 1991, the police entered the Wilson Grocery, Laundromat and Liquor store.[1] Upon entering the Laundromat, the police saw Dupree holding a plastic bag containing a yellow substance in his left hand. Dupree attempted to leave through the back door, but the door was locked. Dupree placed the plastic bag in his pant pocket. He then placed his hand to his mouth.

The officers seized Dupree and searched his mouth, finding nothing. While the police officers were searching Dupree's mouth, Dupree threw the plastic bag containing the yellow substance on the floor at the police officers' feet. The police picked up the substance and arrested Dupree. The substance was later tested and determined to be crack cocaine.

Dupree was tried and convicted of possession of crack cocaine with the intent to distribute. This appeal followed.

## LAW/ANALYSIS

Dupree contends the trial judge erred in admitting the crack cocaine into evidence under the "abandonment" exception to the warrant requirement of the Fourth Amendment. We disagree.

We have long held

> [w]arrantless searches are *per se* unreasonable unless an exception to the warrant requirement is present. The burden is upon the State to justify the warrantless search. We have specifically recognized several exceptions to the warrant requirement. These include (1) search incident to a lawful arrest, (2) "hot pursuit," (3) stop and frisk, (4) automobile exceptions, (5) the "plain view" doctrine, and (6) consent.

*State v. Bailey*, 276 S.C. 32, 35-36, 274 S.E. (2d) 913, 915 (1981) (internal citations omitted); *see also State v. Peters*, 271 S.C.

---

[1] The police entered the laundromat under a search warrant. The trial judge ruled the warrant overbroad and invalid. Neither party challenges this ruling.

498, 248 S.E. (2d) 475 (1978). We have also recognized the doctrine of abandonment as an exception to the Fourth Amendment warrant requirement. *Fernandez v. State,* 306 S.C. 264, 411 S.E. (2d) 426 (1991).

Abandoned property has no protection from either the search or seizure provisions of the Fourth Amendment. *California v. Greenwood,* 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed. (2d) 30 (1988). In determining whether the defendant abandoned the evidence for Fourth Amendment purposes,

> [t]he distinction between abandonment in the property-law sense and abandonment in the constitutional sense is critical to a proper analysis of the issue. In the law of property, the question . . . is whether owner has voluntarily, intentionally, and unconditionally relinquished his interest in the property so that another, having acquired possession, may successfully assert his superior interest. . . . In the law of search and seizure, however, the question is whether the defendant has, in discarding the property, relinquished his reasonable expectation of privacy so that its seizure and search is reasonable within the limits of the Fourth Amendment. In essence, what is abandoned is not necessarily the defendant's property, but his reasonable expectation of privacy therein.
>
> Where the presence of the police is lawful and the discard occurs in a public place where the defendant cannot reasonably have any continued expectancy of privacy in the discarded property, the property will be deemed abandoned for the purpose of search and seizure.

*City of St. Paul v. Vaughn,* 306 Minn. 337, 237 N.W. (2d) 365, 370-71 (1975) (citations omitted).

The State contends the officers legally entered the laundromat, and, therefore, the crack cocaine found on the floor was properly seized. Although we agree the officers were not required to procure a search warrant prior to entering a business open to the public, the relevant action was not the officers' warrantless entry of the laundromat. *See* 1 Wayne R. LaFave, *Search and Seizure* § 2.4(b) (2d ed. 1987) (law enforcement officials may accept a general public invitation to enter commercial premises for purposes not related to the

trade conducted thereupon). Rather, our inquiry must focus on the officers' warrantless search of Dupree's mouth immediately preceding the defendant's placing the plastic bag at the officers' feet.

There can be little doubt that the Fourth Amendment protects a person's body beyond the body's surface. *State v. Register*, 308 S.C. 534, 419 S.E. (2d) 771 (1992). "The interest in human dignity and privacy which the Fourth Amendment protects forbids any such intrusions on the mere chance that desired evidence might be obtained." *Schmerber v. California*, 384 U.S. 757, 770, 86 S.Ct. 1826, 1835, 16 L.Ed. (2d) 908, 919 (1966); *see also State v. Register*, 308 S.C. 534, 419 S.E. (2d) 771 (1992).

This is not to say the authorities can never search a suspect's mouth. "A suspect has no constitutional right to destroy or dispose of evidence by swallowing, consequently he cannot consider the mouth a 'sacred orifice' in which contraband may be irretrievably concealed from the police." *State v. Williams*, 16 Wash. App. 868, 560 P. (2d) 1160, 1162 (1977). However, "forcible attempts to prevent destruction of evidence must be based on probable cause to believe that specific evidence is being disposed of." 2 Wayne R. LaFave, *Search and Seizure* § 5.2(i) (2d ed. 1987). Together with probable cause, the police must also have a clear indication evidence will be found. *See Schmerber v. California*, 384 U.S. 757, 770, 86 S.Ct. 1826, 1835, 16 L.Ed. (2d) 908, 919 (1966).

"In dealing with probable cause . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *State v. Peters*, 271 S.C. 498, 248 S.E. (2d) 475 (1978) (quoting *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1890 (1949)). "And in determining whether the officer acted reasonably . . . due weight must be given, not to his inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which he is entitled to draw from facts in light of his experience." *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed. (2d) 889, 909 (1968). Mere suspicions of the officer will

not support a finding of probable cause. *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed. (2d) 134 (1959).

Here, one officer testified he had made several recent undercover drug purchases at the Wilson laundromat and store. Several persons had been arrested for selling illegal drugs from the premises in the recent past. Based on information from a confidential informant, the officers legally entered the laundromat with the expectation of discovering illegal drug activity. Upon entering the laundromat, one of the officers saw a small plastic bag containing a yellow substance in Dupree's left hand. Once Dupree observed the officers, he placed the substance in his pocket, and he ran towards the rear door. The door, however, was locked. One of the officers testified Dupree appeared to take something out of his pocket and place it in his mouth. At this point, the officers seized Dupree and began searching his mouth. While the officers searched Dupree's mouth, he threw the plastic bag on the floor. The officers also testified they did not see Dupree place contraband in his mouth. Rather, the officers searched Dupree's mouth because of his gesture indicating some unknown substance was being ingested. Two officers testified they feared Dupree was ingesting evidence. The officers also feared for Dupree's health.

Dupree contends these facts do not support probable cause sufficient to search suspect's mouth. We disagree. The officers were aware that drug activity had occurred at the Wilson laundromat. Upon entering, one officer observed what appeared to be drugs in Dupree's hand. Dupree's attempting to leave coupled with his placing his hand to his mouth as if ingesting something were sufficient to give rise to the reasonable suspicion that Dupree was ingesting evidence. The "experience of a police officer is a factor to be considered in the determination of probable cause, . . . but the relevance of the suspect's conduct should be sufficiently articulable that its import can be understood by the average reasonably prudent person." *United States v. Fisher*, 702 F. (2d) 372, 378 (2d Cir. 1983). These facts give rise to probable cause.

To search below the skin, however, the officers were required to have "a clear indication that in fact evidence would be found" in addition to probable cause. *Schmerber v. California*, 384 U.S. 757, 770, 86 S.Ct. 1826,

1835, 16 L.Ed. (2d) 908, 919 (1966); *see also State v. Register*, 308 S.C. 534, 419 S.E. (2d) 771 (1992). "In the absence of a clear indication that in fact such evidence will be found, these fundamental human interests require law officers to suffer the risk that such evidence may disappear unless there is an immediate search." *Schmerber*, 384 U.S. at 770, 86 S.Ct. at 1835, 16 L.Ed. (2d) at 919 (1966); *see also State v. Register*, 308 S.C. 534, 419 S.E. (2d) 771 (1992).

The "clear indication" requirement, however, is not defeated merely because the officers did not find the thing for which they were searching. Rather, Courts have looked to the likelihood of finding the evidence coupled with the "exigent circumstances which [make] it probable that, unless [the invasion is made by the authorities], the evidence would be destroyed." *State v. Strong*, 493 N.W. (2d) 834 (Iowa 1992). Here, the officers acted on the belief that Dupree placed drugs in his mouth. Dupree's suspicious behavior coupled with the officers' past experience with the Wilson laundromat gave rise to a clear indication that unless they searched Dupree's mouth, evidence would be destroyed and Dupree may be injured. Finally, the search was reasonably performed as Dupree opened his mouth and allowed the officers to search without the use of force. Thus, contrary to Dupree's contention, the officers' actions were lawful.

Dupree could not have had a continued reasonable expectation of privacy in crack cocaine discarded on the floor of a business open to the public. Even though Dupree abandoned the drugs in response to police action, when the actions of the police are lawful the abandoned property is not protected by the Fourth Amendment. *California v. Greenwood*, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed. (2d) 30 (1988). We affirm.

Because of our holding, we need not address Dupree's contention that the trial judge erred in admitting the crack cocaine under the "plain view" exception as this was an alternative holding. We affirm Dupree's remaining issue pursuant to Rule 220(b), SCACR and the following authority: *State v. Linder*, 276 S.C. 304, 278 S.E. (2d) 335 (1981) ("if it is made known to the court, when it is proposed to render the verdict, that any one of the jurors does not then assent to it, such verdict cannot be received, but the record should be recommitted to

the jury with directions to retire to their room until they have agreed").

CHANDLER, C.J., and FINNEY, MOORE and WALLER, JJ., concur.