**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Larry Harrison, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2009-145147

_____

Appeal From York County
John C. Hayes, III, Circuit Court Judge

_____

Unpublished Opinion No. 2013-UP-080
Submitted January 1, 2013 – Filed February 20, 2013

_____

**AFFIRMED**

_____

Appellate Defender Elizabeth Anne Franklin-Best, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Harrison David Brant, all of Columbia, for Respondent.

_____

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR). The State consents to Petitioner's request for a belated direct appeal. Accordingly, we grant certiorari and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

On appeal, Petitioner argues the trial court erred in failing to suppress the evidence because police officers did not have reasonable suspicion to seize him. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Missouri*, 361 S.C. 107, 111, 603 S.E.2d 594, 596 (2004) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial [court's] ruling if there is *any* evidence to support the ruling."); *State v. Nelson*, 336 S.C. 186, 192, 519 S.E.2d 786, 789 (1999) ("'[A] policeman who lacks probable cause but whose observations lead him reasonably to suspect that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to investigate the circumstances that provoke that suspicion.'" (quoting *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984))); *State v. Khingratsaiphon*, 352 S.C. 62, 69, 572 S.E.2d 456, 459 (2002) ("In determining whether reasonable suspicion exists, 'the totality of the circumstances—the whole picture—' must be considered." (quoting *United States v. Cortez*, 449 U.S. 411, 418 (1981))); *Alabama v. White*, 496 U.S. 325, 330 (1990) ("[R]easonable suspicion can arise from information that is less reliable than that required to show probable cause."); *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000) (noting that when an individual's behavior is suggestive of criminal activity but also susceptible to an innocent explanation, police officers can "detain the [individual] to resolve the ambiguity" of his behavior (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968))); *White*, 496 U.S. at 331 (holding reasonable suspicion existed based on an anonymous tip containing details about an individual's future actions that was corroborated by independent police work); *State v. Taylor*, Op. No. 27207 (S.C. Sup. Ct. filed Jan. 9, 2013) (Shearouse Adv. Sh. No. 2 at 15, 16) (holding reasonable suspicion existed based on the following: (1) an anonymous tip that a black male on a bicycle appeared to be selling drugs in a high-crime area; (2) police officers' observation that a black male on a bicycle was huddled near another male in that area; and (3) the individual's attempt to evade police officers when they approached him); *United States v. Sprinkle*, 106 F.3d 613, 615, 618-19 (4th Cir. 1997) (holding that although police officers did not have reasonable suspicion to stop the defendant, the defendant's act of pulling a gun on a police officer as the officer chased him on foot constituted a "new crime that was distinct from any crime he might have been suspected of at the time of the initial stop"); *id*. at 619 (reasoning that once the

defendant pulled a gun on the police officer, the police officer "had probable cause to arrest [the defendant] because the new crime purged the taint of the prior illegal stop"); *Fernandez v. State*, 306 S.C. 264, 266, 411 S.E.2d 426, 438 (1998) ("[E]vidence abandoned by the defendant before he was seized by the police cannot be the basis for a violation of the Fourth Amendment's prohibition against unreasonable search and seizure." (quoting *California v. Hondari D.*, 499 U.S. 621, 629 (1991))).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.