**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Adonis Williams, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-001688

---

Appeal From Richland County
James R. Barber, Trial Judge
J. Derham Cole, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2022-UP-380
Submitted September 1, 2022 – Filed October 12, 2022
Withdrawn, Substituted and Refiled November 16, 2022

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia, for Respondent.

---

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his
application for post-conviction relief (PCR). Because there is sufficient evidence

to support the PCR court's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's Question One and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We deny certiorari on Petitioner's Questions Two through Ten.

On direct appeal, Petitioner argues the trial court erred in denying his motion to suppress information from his cell phone and finding the phone was abandoned. We hold Petitioner abandoned his phone. *See State v. Frasier*, Op. No. 28117 (S.C. Sup. Ct. filed Sept. 28, 2022) (Howard Adv. Sh. No. 35 at 12, 17) ("[A]ppellate review of a motion to suppress based on the Fourth Amendment involves a two-step analysis. This dual inquiry means we review the trial court's factual findings for any evidentiary support, but the ultimate legal conclusion . . . is a question of law subject to de novo review."). We hold Petitioner "relinquished his reasonable expectation of privacy" by leaving his phone in a place where he did not live and making no efforts to recover his phone. *See State v. Brown*, 423 S.C. 519, 522, 815 S.E.2d 761, 763 (2018) ("Under a standard abandonment analysis, 'the question is whether the defendant has, in discarding the property, relinquished his reasonable expectation of privacy.'" (quoting *State v. Dupree*, 319 S.C. 454, 457, 462 S.E.2d 279, 281 (1995))). Petitioner's remaining arguments regarding the text messages are not properly before this court because Petitioner did not raise them in his initial brief. *See State v. Wakefield*, 323 S.C. 189, 191, 473 S.E.2d 831, 832 (Ct. App. 1996) (stating an issue in the "reply brief should not be considered on appeal because all issues must be argued in the initial briefs").

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.