22595

The STATE, Respondent v. Jesse Keith BROWN, Appellant.
(347 S. E. (2d) 882)

Supreme Court

*Chief Atty. William Isaac Diggs, of S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Norman Mark Rapoport*, Columbia, and *Sol. Holman C. Gossett, Jr.*, Spartanburg, *for respondent.*

Heard Feb. 25, 1986.

Decided July 21, 1986.

CHANDLER, Justice:

Appellant, Jesse Keith Brown (Brown), appearing *pro se* in this capital case, was convicted of murder, larceny, armed robbery and entering without breaking. He was sentenced to death for the murder and to 25 years' imprisonment for the other crimes.

This case consolidates Brown's appeal and our mandatory review of the death sentence pursuant to S. C. Code Ann. § 16-3-25 (1976). We reverse and remand for a new trial.

## FACTS

On the evening of December 31, 1983, John Horace McMillin (the victim) was shot to death in his Spartanburg home. The police discovered that all the bedrooms had been ransacked and that several items had been stolen.

Brown was arrested two days later and charged with the crimes.

## ISSUES

Brown contends numerous reversible errors were committed in the (I) pre-trial, (II) guilt and (III) sentencing phases of this proceeding. However, we find it necessary to address only three issues:

I. Whether Brown's waiver of his right to counsel was made knowingly and intelligently.

II. Whether items seized without a warrant were properly admitted into evidence at trial.

III. Whether the Solicitor's cross-examination of Brown in reference to his failure to show remorse violated due process.

## I. WAIVER OF RIGHT TO COUNSEL

At a pre-trial hearing, the presiding judge informed Brown that court-appointed counsel would be made available only if he were indigent.

> THE COURT: ... You're entitled to either have a lawyer appointed for you or you're entitled to hire a lawyer. You can have a lawyer, whether hired or appointed. Do you understand?
> BROWN: I can have one either way?
> THE COURT: Well, no sir. Not necessarily. You —
> BROWN: Well, I understand.
> THE COURT: — you can have a lawyer appointed for you if you cannot otherwise afford one, if you are indigent.
> BROWN: Well, I don't wish to have a lawyer.

Following this colloquy, the judge made a factual determination that Brown was not indigent and was able financially to retain adequate legal counsel.

The judge then further examined Brown concerning his earlier statement that he did not desire counsel, carefully explaining the risks of *pro se* representation. He concluded that Brown's waiver of his right to counsel was made knowingly and intelligently, and permitted him to appear *pro se*. However, he ordered that a previously appointed public defender remain available to Brown throughout the proceedings as "standby counsel."

### A. *Alleged Error*

Brown contends that, under South Carolina law, he was entitled to free court-appointed counsel whether indigent or not. As he was not specifically informed of this right, he contends his waiver of counsel was not made knowingly and intelligently. Brown cites S. C. Code Ann. § 17-23-70 (1976), which was enacted at the turn of the century and provides:

> In case any person accused or indicted for any capital offense shall desire counsel the court before whom such

person shall be tried shall, immediately upon his request, assign to such person such and so many counsel, not exceeding two, as the presiding judge shall designate. Such counsel shall have free access to such person at all reasonable times, either before, at or after trial, any law or usage to the contrary notwithstanding. One of such counsel shall have a minimum of five years of practice before the bar.

As the statute makes no mention of a defendant's financial circumstances, Brown contends a right to free, appointed counsel exists, both to indigents and non-indigents alike.

The State counters that § 17-23-70 conflicts inherently with more recent statutes. We agree and hold that § 17-23-70 has been superseded.

### B. *Discussion*

S. C. Code Ann. § 16-3-26(B) (1976) provides:

Whenever any person is charged with murder and the death penalty is sought, the court upon determining that such person is unable financially to retain adequate legal counsel, shall appoint two attorneys to defend such person in the trial of the action. One of the attorneys so appointed shall have at least three years' experience in the actual trial of felony cases, and only one of the attorneys so appointed shall be the Public Defender or a member of his staff.

This statute provides the exclusive procedure for appointment of counsel for indigent defendants charged with capital murder. By clear implication, non-indigent defendants have no right to court appointed counsel. This statute was enacted in 1978. It is, therefore, more recent and by its terms more specific than § 17-23-70. Under our rules of statutory construction, we hold that § 17-23-70 has been superseded and has no applicability in this case. *See Duke Power Co. v. S. C. Public Service Comm'n*, 284 S. C. 81, 326 S. E. (2d) 395 (1985) (Laws giving specific treatment to a given situation take precedence over general laws on same subject, and later legislation takes precedence over earlier laws).

The trial judge properly determined that Brown had knowingly and intelligently waived his right to counsel.

## II. WARRANTLESS SEARCH AND SEIZURE

On January 2, 1984, the police received a tip from a desk clerk at the Peach Blossom Motel in Spartanburg County. The clerk, through a telephone extension, had oveheard Brown discussing the victim's murder.

A seven member "SWAT" team from the Spartanburg County Sheriff's Department conducted surveillance upon Brown's motel room for approximately two and one-half hours. No search or arrest warrants were secured during this period. After observing no movement, a team member, Lieutenant Ennis, called Brown on the telephone and told him he was under arrest. Brown, along with any others in the room, was instructed to exit with hands raised. Brown, his younger brother Vonn, and Vonn's girlfriend Susie Shawley exited. They were arrested and taken away.

The SWAT team then conducted what is described as a "protective sweep" of the motel room. Several items stolen from the victim's home were discovered. When the State sought to introduce them, Brown moved to suppress.

Lieutenant Ennis, who was not present when Brown was arrested or at the time of the search, was the State's only witness to testify on Brown's motion. Out of the presence of the jury, he testified as follows:

BROWN: Could you tell me where these items were found?

ENNIS: It seems to me this is going to be pretty much from *hearsay*, but I believe the camera was on the floor. And *I could be mistaken about this, but I think* the silver spoon and the fork were under the bed. *I don't recall* about the rest of the items.

BROWN: What I'm trying to ask is, were they just laying out in plain view or were they looked like they had been hid or been tried to hid? Did somebody try to hide them or anything? [sic].

ENNIS: The camera, *as I remember*, it *seems* like the camera was in plain view on the floor. The spoons — *I don't recall* about the spoons other that if I get into

that, *I'm going to be testifying to what somebody else is going to testify to.* [Emphasis supplied.]

The trial judge refused Brown's motion to suppress the evidence seized without a warrant, on the ground the police had made a valid search incident to Brown's arrest.

Only in a few specifically established and well-delineated situations will a warrantless search withstand constitutional scrutiny, even when law enforcement has probable cause to conduct it. The burden rests on the prosecution to establish the existence of such an exceptional situation. *Vale v. Louisiana,* 399 U. S. 30, 90 S. Ct. 1969, 26 L. Ed. (2d) 409 (1970). *See also, State v. Peters,* 271 S. C. 498, 248 S. E. (2d) 475 (1978). Three possible exceptions are advanced: search incident to an arrest, exigent circumstances and plain view.

### A. *Search Incident to Arrest*

A search may be conducted incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest. *Shipley v. California,* 395 U. S. 818, 89 S. Ct. 2053, 23 L. Ed. (2d) 732 (1969). *See also* Annot., 75 L. Ed. (2d) 1018. Here, Lieutenant Ennis testified that Brown, Brown's brother and Shawley were arrested outside the motel room. They had been taken away at the time the search was conducted. Accordingly, the exception allowing a search incident to an arrest is not applicable.

### B. *Exigent Circumstances*

The exigent circumstances doctrine is an exception to the Fourth Amendment's protection against searches conducted without prior approval by a judge or magistrate. The doctrine recognizes that "warrantless entry by criminal law enforcement officials may be legal when there is a compelling need for official action *and no time to secure a warrant.*" [Emphasis supplied.] *Michigan v. Tyler,* 436 U. S. 499, 98 S. Ct. 1942, 56 L. Ed. (2d) 486 (1978).

We agree with the State's position that a "protective sweep" of the motel room was justified. It was reasonable to believe that concealed persons remaining in the room might pose danger. However, Lieutenant Ennis gave no explanation as to why the police were unable to

obtain a warrant during the approximately two and one-half hour period the motel room was under surveillance. The State has not met its burden of proof to justify the warrantless search under this exception.

### C. *Plain View*

A plurality of the United States Supreme Court has ruled that a "plain view" exception to the warrant requirement exists. *Coolidge v. New Hampshire,* 403 U. S. 443, 91 S. Ct. 2022, 29 L. Ed. (2d) 564, *reh'g denied,* 404 U. S. 874, 92 S. Ct. 26, 30 L. Ed. (2d) 120 (1971); *Texas v. Brown,* 460 U. S. 730, 103 S. Ct. 1535, 75 L. Ed. (2d) 502 (1983). Under this exception, objects falling within the plain view of a law enforcement officer who is rightfully in position to view these objects are subject to seizure and may be introduced in evidence.

As indicated, we agree with the State's position that it had a right to conduct the protective sweep. However, there was no competent testimony that the objects seized were in plain view at the time of the seizure. Lieutenant Ennis, the State's only witness on Brown's suppression motion, candidly admitted, in the testimony cited above, that his only knowledge concerning most of the seized items was based on hearsay.

Accordingly, we hold the State has not met its burden to prove the items seized were in plain view. We cannot speculate, as the State suggests, that items under the bed were found inadvertently while searching for hidden suspects. "The 'plain view' doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges." *Coolidge, supra,* 403 U. S. at 466, 91 S. Ct. at 2038, 29 L. Ed. (2d) at 583.

### D. *Conclusion*

The State has not established a recognized exception to the warrant requirement. We hold the trial judge erred in denying Brown's motion to suppress the evidence seized from the motel room and in permitting its admission into evidence.

## III. CROSS-EXAMINATION OF BROWN
## ON FAILURE TO SHOW REMORSE

As noted above, Brown appeared *pro se* at both phases of his trial. Acting as his own attorney, he cross-examined State witnesses during the guilt-innocence phase. He did not testify or present any evidence during the guilt phase.

After the jury's verdict in the guilt phase, Brown took the stand in the sentencing phase. He was cross-examined as follows:

> Q. You've been up here representing yourself during this trial?
> A. Yes, sir.
> Q. You've been cross-examining the witnesses that we've put up?
> A. Yes, sir.
> Q. And you intelligently asked your brother, Vonn, on cross-examination, many detailed questions and you asked many detailed questions on cross-examination of Susie Shawley, didn't you?
> A. Yes, sir.
> Q. And Chick Henson, didn't you?
> A. Yes, sir.
> Q. You seemed pretty able to take care of yourself and handle the situation and know what was going on all of the time, didn't you?
> A. Yes, sir.
> Q. *You weren't sorry then, were you?*
> A. *I didn't do it.*
> [Emphasis supplied.]

Brown contends the Solicitor's question was specifically directed toward his demeanor while acting as his own attorney in the cross-examination of witnesses.

He argues that the Solicitor's interrogation violated due process by improperly treating his assertion of constitutional rights as a circumstance *supporting* the imposition of the death penalty. We agree, for the following reasons:

(1) Brown had a constitutional right to act as his own counsel. *See Faretta v. California,* 422 U. S. 806, 95

S. Ct. 2525, 45 L. Ed. (2d) 562 (1975); S. C. Const. art. I, § 14.

(2) Brown had a right to confront the witnesses against him. *See Pointer v. Texas,* 380 U. S. 400, 85 S. Ct. 1065, 13 L. Ed. (2d) 923 (1965).

(3) Brown had a right to "put the State to its proof." *See Griffin v. California,* 380 U. S. 609, 85 S. Ct. 1229, 14 L. Ed. (2d) 106 (1965); *State v. Adams,* 277 S. C. 115, 283 S. E. (2d) 582 (1981).

(4) It is impermissible for the State to argue in favor of guilt *or punishment* based upon the accused's assertion of a constitutional right. *See Doyle v. Ohio,* 426 U. S. 610, 96 S. Ct. 2240, 49 L. Ed. (2d) 91 (1976) (comment upon accused's post-arrest silence); *Griffin v. California, supra,* and *State v. Goolsby,* 275 S. C. 110, 268 S. E. (2d) 31 (1980) (comment upon accused's failure to testify at trial).

The Solicitor's comments here are similar to those in *State v. Sloan,* 278 S. C. 435, 298 S. E. (2d) 92 (1982). In *Sloan,* we found "egregious error" in the State's closing argument during the sentencing phase:

Has anyone said to you he's sorry, sorry for what he did? ... What have you been told up until you found him guilty. He has pled not guilty ...
Is that someone who wants to be rehabilitated?

278 S. C. at 440, 298 S. E. (2d) at 95.
The error here is equally egregious.

### IV. CONCLUSION

Brown has raised several other exceptions. However, it is not necessary that we address them.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.