495 S.E.2d 218

The STATE, Respondent,

v.

Ţaurus M. CANNON, Appellant.

No. 2759.

Court of Appeals of South Carolina.

Submitted Dec. 2, 1997.

Decided Dec. 8, 1997.

Rehearing Denied Feb. 3, 1998.

Assistant Appellate Defender Robert M. Dudek, of the South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General

Charles H. Richardson, Columbia; and Solicitor Thomas E. Pope, York, for respondent.

GOOLSBY, Judge:

Following a bench trial, Taurus M. Cannon appeals from his conviction for possession of crack cocaine with intent to distribute and possession of crack cocaine with intent to distribute within close proximity of a school. Specifically, Cannon asserts the trial court erred in admitting and not suppressing evidence of crack cocaine seized from his person during a warrantless search that followed his arrest for criminal domestic violence. We reverse and remand.[1]

On October 22, 1995, in response to a domestic violence complaint from Betty Cannon, the appellant's mother, Roger Neeley, a City of York police officer, and another officer went to a residence that the appellant shared with his mother. When the officers arrived, the mother invited the officers inside. She told them the appellant had a knife. Officer Neeley then talked to the appellant. He claimed his mother had attacked him with a vacuum cleaner and "that's when he grabbed the knife." Officer Neeley thereupon placed the appellant under arrest for criminal domestic violence and took him outside. Before placing him in the patrol vehicle, Officer Neeley handcuffed the appellant and searched him. The search produced a pill bottle that contained crack cocaine.

On appeal, as he did below, the appellant argues that section 16–25–70(G) mandates suppression of the contraband found on the appellant incident to his arrest for criminal domestic violence. That statute provides that "[n]o evidence other than evidence of violations of this article found as a result of a warrantless search is admissible in a court of law." S.C.Code Ann. § 16–25–70(G) (Supp.1996).

Section 16–25–70, of which subsection (G) is a part, allows a law enforcement officer to arrest either with or without a warrant a person at his or her residence or elsewhere if the officer has probable cause to believe the person is committing or has freshly committed a criminal offense involving domestic

---

1. Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument pursuant to Rule 215, SCACR.

violence "even if the act did not take place in the presence of the officer." S.C.Code Ann. § 16–25–70(A) (Supp.1996). Subsection (C) even allows an officer to enter a person's residence to effect a warrantless arrest when the officer has probable cause to believe that action is necessary to prevent physical harm or danger to a member of the household.

Here, the officer made a warrantless arrest and a warrantless search. The basis of that arrest was the officer's belief that the appellant had freshly committed an unlawful act involving criminal domestic violence, namely an "offer . . . to cause physical harm or injury to" his mother there in their home, an act proscribed by S.C.Code Ann. § 16–25–20 (Supp. 1996). The basis of the warrantless search was the officer's right to conduct a search incident to an arrest. The warrantless search led to the officer's discovery of the crack cocaine. That evidence had nothing whatever to do with a violation of any criminal offense embraced within the article concerned with criminal domestic violence. The trial court should not have admitted it.

We do not agree with the State's contention that subsection (G) is not implicated in this instance because the arresting officer did not enter the home pursuant to section 16–25–70(C) but did so pursuant to the invitation of the appellant's mother. The focus here should be upon the appellant's arrest, not the manner in which the arresting officer entered his home. Although the arresting officer, apart from the statute, may have had the right to enter the appellant's home, his right, as a municipal police officer, to arrest the appellant in *his own home* for a "freshly committed" misdemeanor arising out of an act that "did not take place in the presence of the officer" rested entirely on the authority granted all law enforcement officers by section 16–25–70(A). *See Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (holding the Fourth Amendment, which draws a line at the entrance to one's home, requires an arrest warrant to effect a nonexigent arrest of a subject in his own home). Because the officer's authority to arrest arose out of section 16–25–70(A), subsection (G) barred introduction of the crack cocaine found by the arresting officer when he searched the appellant.

REVERSED AND REMANDED.

HEARN and STILWELL, JJ., concur.