520 S.E.2d 317

**The STATE, Petitioner,**

v.

**Taurus M. CANNON, Respondent.**

**No. 24989.**

Supreme Court of South Carolina.

Heard June 8, 1999.
Decided Aug. 16, 1999.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Charles H. Richardson, all of Columbia; and Solicitor Thomas E. Pope, of York, for petitioner.

Robert M. Dudek of the South Carolina Office of Appellate Defense, of Columbia, for respondent.

Assistant Solicitor Amie L. Clifford, of North Charleston, for amicus curiae Solicitors' Association of South Carolina, Inc., and South Carolina Sheriffs' Association.

BURNETT, Justice:

After he was arrested on charges of criminal domestic violence, the police searched Respondent Taurus M. Cannon and found crack cocaine in his pocket. Respondent was convicted of possession of crack cocaine with intent to distribute and sentenced to six years' imprisonment.[1] Concluding the crack cocaine was inadmissible, the Court of Appeals reversed respondent's conviction and sentence. *State v. Cannon*, 329 S.C. 163, 495 S.E.2d 218 (Ct.App.1997). This Court granted the State's petition for a writ of certiorari to review the Court of Appeals' decision. The Solicitors' Association of South Carolina, Inc., and South Carolina Sheriffs' Association filed a joint amicus curiae brief.

---

1. Although the Court of Appeals stated respondent was also convicted of possession of crack cocaine within the proximity of a school, the solicitor withdrew this charge at trial.

## FACTS

Prior to trial, respondent moved to suppress the admission of the crack cocaine. The following testimony was offered at the suppression hearing.

Officer Neeley of the City of York Police Department testified, in response to a criminal domestic violence complaint, he went to the home of Betty Cannon, respondent's mother. Mrs. Cannon invited Officer Neeley into her home. She told Officer Neeley respondent, who also resided in the home, had a knife. Officer Neeley spoke with respondent. Respondent stated he was playing a video game when his mother became upset, came at him with a vacuum cleaner, and he grabbed a knife. Officer Neeley arrested respondent for criminal domestic violence and placed him in handcuffs. After escorting respondent outside, Officer Neeley conducted a "search incident to arrest" and located a pill bottle in respondent's pocket. The bottle held plastic bags containing crack cocaine. Officer Neeley testified if he had not been invited into the home, he would not have entered because he "didn't hear screams or anything like that."

Respondent argued S.C.Code Ann. § 16–25–70(H)(Supp.1998) prohibits the admission of evidence of crimes, other than criminal domestic violence, seized through a warrantless search conducted as a result of a criminal domestic violence complaint. The solicitor argued the crack cocaine was admissible because respondent's mother had invited the officer into her home and the search was incident to respondent's arrest. Finding the police entered respondent's home with the consent of his mother, not based on the statutory authority of § 16–25–70, the trial judge denied respondent's motion to suppress. The Court of Appeals reversed. *Id.*

## ISSUE

Did the Court of Appeals err by holding S.C.Code Ann. § 16–25–70(H) prohibits the admission of evidence of crimes, other than criminal domestic violence, seized as a result of a valid warrantless search after an arrest for criminal domestic violence?

### DISCUSSION

■ In 1984, the General Assembly enacted the Criminal Domestic Violence Act (the Act). 1984 S.C. Acts 484, § 1. It defined the statutory offense of criminal domestic violence[2] and set forth the penalties for a conviction. In addition, the Act provided the circumstances under which a law enforcement officer may effect an arrest for criminal domestic violence either with or without a warrant, specifically permitted a warrantless arrest even if the violence did not take place in the presence of an officer, and permitted an officer to enter a person's home without a warrant to effect the arrest.[3] It further provided "[n]o evidence other than evidence of violations of this article found as a result of a warrantless search shall be admissible in any court of law." The Act stated nothing in the article would limit the power of the police to make "other lawful arrests."

Although the substance of the original Act remains, § 16–25–70 has been expanded and designated into subsections. Currently, § 16–25–70(C) provides, in part:

In effecting a warrantless arrest under this section, a law enforcement officer may enter the residence of the person to be arrested in order to effect the arrest where the officer has probable cause to believe that the action is reasonably necessary to prevent physical harm or danger to a family or household member.

Section 16–25–70(H) provides:

No evidence other than evidence of violations of this article found as a result of a warrantless search is admissible in a court of law.

Section 16–25–80, in part, provides:

---

**2.** "It is unlawful to: (1) cause physical harm or injury to a person's own household member, (2) offer or attempt to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril." § 16–25–20.

**3.** Unless it constitutes the offense of criminal domestic violence of a high and aggravated nature, criminal domestic violence is a misdemeanor. §§ 16–25–30 to –65.

Nothing in this article affects or limits ... the powers of the police to make other lawful arrests.

■■■■ The cardinal rule of statutory construction is that the Court ascertain and effectuate the actual intent of the legislature. *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 476 S.E.2d 690 (1996). In ascertaining the intent of the legislature, a court should not focus on any single section or provision but should consider the language of the statute as a whole. *Id.*

We conclude § 16–25–70(C) is inapplicable in this case. Officer Neeley did not enter respondent's home under the authority of § 16–25–70(C), but rather upon the invitation of respondent's mother. *Frazier v. Cupp,* 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969)(any person with an equal right to use or occupy property may consent to its search). After determining respondent had committed criminal domestic violence, Officer Neeley arrested respondent. Once Officer Neeley lawfully arrested respondent on charges of criminal domestic violence, he was entitled to search respondent incident to the arrest. *U.S. v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973)(police officer may search arrestee and the area within his immediate control for weapons and destructible evidence without first obtaining a search warrant). Accordingly, since the officer did not enter respondent's home under the authority of § 16–25–70(C), § 16–25–70(H) does not apply and the evidence seized as a result of the valid search incident to arrest was properly admitted in respondent's trial for possession of crack cocaine with intent to distribute.[4] Our decision is supported by the language of § 16–25–80 which

---

4. We are concerned about the effect of § 16–25–70(H). The plain meaning of the statute precludes the admission of evidence of crimes, other than criminal domestic violence, seized as a result of a warrantless search conducted pursuant to § 16–25–70(C). In the case before us today, if the officer had entered respondent's home under the authority of § 16–25–70(C), the crack cocaine found in respondent's pocket would have arguably been inadmissible pursuant to § 16–25–70(H). Similarly, as noted by the amicus curiae, if the police make a warrantless entry into a home under the authority of § 16–25–70(C) and observe in plain view a weapon which is recognized as the weapon in an unrelated murder, the weapon could be inadmissible under § 16–25–70(H) since murder is not a violation of the Act.

specifically provides nothing in the Act "affects or limits ... the powers of the police to make other lawful arrests."

**REVERSED.**

FINNEY, C.J., TOAL, MOORE, and WALLER, JJ., concur.