238

530 S.E.2d 899

**The STATE, Appellant,**

v.

**Raymond ROBERTS, Respondent.**

No. 3158.

Court of Appeals of South Carolina.

Submitted March 7, 2000.

Decided May 1, 2000.

Attorney General Charles M. Condon and Chief Deputy Attorney General John W. McIntosh, both of Columbia; and Solicitor Randolph Murdaugh, III, of Hampton, for appellant.

Assistant Appellate Defender Robert M. Pachak, of SC Office of Appellate Defense, of Columbia, for respondent.

HEARN, Chief Judge:

The Beaufort County Grand Jury indicted Raymond Roberts for distribution of crack cocaine within the proximity of a school and possession of cocaine with the intent to distribute. Upon Roberts's motion, the trial court suppressed the drugs pursuant to South Carolina Code Section 16–25–70 (Supp. 1999) and *State v. Cannon*, 329 S.C. 163, 495 S.E.2d 218 (Ct.App.1997), *rev'd,* 336 S.C. 335, 520 S.E.2d 317 (1999). The State appeals. We reverse and remand.[1]

## FACTS

Officer Andrew Faucett of the Beaufort City Police Department responded to a reported disturbance at an apartment on Congress Street. The officer found two people standing outside and Roberts lying on his back two to three feet from the sidewalk. Officer Faucett noticed Roberts was intoxicated and helped him to his feet. Meanwhile, the other people present informed Officer Faucett that Roberts was not supposed to be there, refused to leave, and was causing a disturbance. Officer Faucett placed Roberts in his patrol car, intending to charge him with public drunkenness and disorderly conduct. He then began talking with the two other people, who reported they were Roberts's relatives and that he had assaulted one of them. After arriving at the detention center, the officer issued Roberts tickets for public drunkenness, disorderly conduct, and criminal domestic violence (CDV). A corrections officer conducted an inventory search of Roberts and found crack cocaine in his pocket.

Roberts pled guilty to the charges of public drunkenness and disorderly conduct. His CDV charge was dismissed. He was subsequently indicted on charges of distribution of crack cocaine within the proximity of a school and possession of cocaine with the intent to distribute. At a pretrial hearing on his drug charges, Roberts moved to suppress the drugs because they were obtained during a warrantless search incident to a CDV arrest. He argued that statutory and case law barred the admissibility of evidence of crimes other than criminal domestic offenses where the evidence was obtained

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

during a CDV arrest. The trial court agreed and ordered the crack cocaine found on Roberts suppressed. The State then filed this appeal.

## DISCUSSION

A law enforcement officer may arrest a person for CDV, violation of an order of protection, or CDV of a high and aggravated nature without a warrant where the officer has probable cause to believe the person is committing or has freshly committed one of these offenses. S.C.Code Ann. § 16–25–70(A) (Supp.1999). Section 16–25–70 also permits an officer to enter the suspect's residence "in order to effect the arrest where the officer has probable cause to believe that the action is reasonably necessary to prevent physical harm or danger to a family or household member." S.C.Code Ann. § 16–25–70(C) (Supp.1999). However, the statute also provides that "[n]o evidence other than evidence of violations of this article found as a result of a warrantless search is admissible in a court of law." S.C.Code Ann. § 16–25–70(H) (Supp.1999). The trial court relied on subsection (H) of the statute and this court's decision in *State v. Cannon* in its decision to suppress the crack cocaine found in Roberts's pocket.

In *State v. Cannon,* this court addressed the admissibility of crack cocaine found in the pocket of a defendant arrested without a warrant for CDV. *Cannon,* 329 S.C. at 164, 495 S.E.2d at 219. The court noted that the "basis of the warrantless search was the officer's right to conduct a search incident to an arrest." *Id.* at 165, 495 S.E.2d at 219. The State argued the officer entered the Cannon home at the victim's invitation rather than pursuant to section 16–25–70(C), and thus the prohibition of evidence of other crimes did not apply. This court disagreed, reasoning "[t]he focus here should be upon the appellant's arrest, not the manner in which the arresting officer entered his home.... Because the officer's authority to arrest arose out of section 16–25–70(A), subsection (G) barred introduction of the crack cocaine found by the arresting officer when he searched the appellant." *Id.* at 165, 495 S.E.2d at 219–20. In reversing this court's decision in *Cannon,* the South Carolina Supreme Court determined the arresting officer entered the home not "under the authority of

§ 16–25–70(C), but rather upon the invitation of [the victim]," who also lived at the home. *State v. Cannon*, 336 S.C. 335, 339, 520 S.E.2d 317, 319 (1999).

We do not believe the suppression of crack cocaine found in Roberts's pocket was warranted under either this court's or the supreme court's decision in *Cannon*. Initially, we note that the police officers who arrested Roberts were not responding to a report of CDV, but to a reported "disturbance." Roberts was not only arrested for CDV but was also charged with public drunkenness and disorderly conduct. The facts of this case are thus distinct from those presented in *Cannon*.

Furthermore, the ostensible purpose behind section 16–25–70(H) is to promote victims' access to protection from domestic violence unimpeded by the fear that unrelated criminal charges may result from summoning police assistance. That goal would not be furthered by suppression in this case where the police were not even advised a CDV had occurred until they had already decided to charge Roberts with public drunkenness and disorderly conduct, and where he was in fact charged with those crimes. Thus, the police did not rely upon the authority of section 16–25–70(A) to arrest Roberts or conduct the search. The discovery of the crack cocaine was the result of a lawful search incident to an arrest for disorderly conduct and public drunkenness, in addition to a charge for CDV. *See Chimel v. California*, 395 U.S. 752, 762–763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Accordingly, because the officer did not rely upon section 16–25–70(A) in making his initial arrest of Roberts, section 16–25–70(H) does not apply. *See Cannon*, 336 S.C. at 339 & n. 4, 520 S.E.2d at 319 & n. 4 (1999). In our view, suppression of the crack cocaine under these circumstances is not warranted.

Accordingly, the order of the trial court suppressing the crack cocaine is

**REVERSED AND REMANDED.**

STILWELL J., and MOREHEAD, Acting Judge, concur.