THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
v.
Bobby Gibson, Jr., Appellant.
 
 
 

Appeal From Spartanburg County
 Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2006-UP-372
Submitted October 1, 2006  Filed October 31, 2006

AFFIRMED

 
 
 
Katherine Carruth Link, of W. Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,  Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Bobby Gibson, Jr., appeals his convictions and sentences for possession of crack cocaine, trafficking in cocaine, and trafficking in crack cocaine.  Gibson argues the trial court should not have admitted the drug evidence because it was seized pursuant to:  (1) an invalid warrantless search; (2) search warrants not issued in accordance with section 17-13-140 of the South Carolina Code; and (3) search warrants not served in accordance with section 17-13-150 of the South Carolina Code.  We affirm.[1]
FACTS
On the morning of September 30, 2004, Deputy Brian Duncan, employed with the Spartanburg County Sheriffs Office, arrested Gibson for driving under a suspended license.  Directly thereafter, Deputy Duncan searched Gibsons person.  Attached to Gibsons side was a cell phone case.  Deputy Duncan searched the cell phone case and found a small white rock, later identified as crack cocaine.  
Subsequently, two search warrants were issued to search Gibsons residence and business.  The warrants were based on information obtained through an ongoing investigation and on Gibsons possession of crack cocaine on the date in question.  The warrants were signed by a judge and obtained at 2:40 p.m. on September 30, 2004.              
At 4:24 p.m. on the day the warrants were issued, officers executed the search warrant for 2015 Howard Street, Gibsons residence.  The search of Gibsons residence yielded a pill bottle containing several rocks of crack cocaine, a set of digital scales, a small bag of marijuana, and $156,000 in cash.  An unsigned copy of the warrant was left at the residence.  
At 5:45 p.m., officers executed the search warrant for 420 Farley Avenue, a commercial building owned by Gibson.  During this search, the officers found a bag containing a large amount of a white powder substance, which was later identified as 705.32 grams of cocaine.  An unsigned copy of the warrant was left at the commercial building.       
A Spartanburg County grand jury indicted Gibson for possession of crack cocaine, trafficking in cocaine, and trafficking in crack cocaine.  Prior to trial, Gibson moved to suppress the drug evidence.  He asserted the search of the cell phone case was improper.  Based on this assertion, Gibson contended the illegality of the search provided an illegal basis for the search warrants.  Specifically, he argued the search exceeded the scope of the initial traffic stop given he had been arrested and was under the complete control of Deputy Duncan.  In response, the State claimed the search was incident to Gibsons lawful arrest.  After hearing testimony from Deputy Duncan and arguments of counsel, the court denied Gibsons motion.  The court ruled the search was incident to a lawful arrest.
At the close of the States case and after all the evidence was introduced, Gibson moved to quash the search warrants alleging the officers failed to serve copies of the warrants as required by sections 17-13-140 and 17-13-150 of the South Carolina Code (2003).[2]  Because the search warrants that were left at Gibsons residence and business were not signed, Gibson claimed the warrants were not executed in accordance with the cited statutes and, thus, the officers conducted a warrantless search.  In response, the State showed the court certified copies of the warrants that were signed by a judge at the time they were issued.  The State also asserted:  (1) the officers acted in good faith in conducting the search; (2) any error was ministerial; and (3) Gibson was not prejudiced by the error.  After hearing testimony from Gibson and the arguments of counsel, the court denied Gibsons motion.  The court based its decision on the fact the certified copies of the warrants indicated a judge signed the warrants prior to the searches of Gibsons residence and business. 
After the jury convicted Gibson of all three charges, the court sentenced Gibson to fifteen years imprisonment for the possession offense and thirty years imprisonment for each trafficking offense.  The sentences were to be served concurrently.  The court also imposed fines of $15,000 for the possession charge, $50,000 for trafficking in crack cocaine, and $200,000 for trafficking in cocaine.  Gibson appeals.    
STANDARD OF REVIEW
In criminal cases, an appellate court reviews errors of law only and is bound by factual findings of the trial court unless clearly erroneous. 
Statev. Wilson, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001). The trial judges factual findings on whether evidence should be suppressed due to a Fourth Amendment violation are reviewed for clear error.  State v. Baccus, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).  A courts ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion or the commission of legal error that results in prejudice to the defendant. State v. Adams, 354 S.C. 361, 377, 580 S.E.2d 785, 793 (Ct. App. 2003).
DISCUSSION
I.
Gibson argues the trial court erred in denying his motion to quash the search warrants and suppress the seized evidence.  He contends the warrants were not issued in accordance with section 17-13-140 and the State failed to provide copies of the issued warrants and the affidavits as required by section 17-13-150.  We disagree.   
Although Gibson raised this argument to the trial court, it was untimely given it was not presented until after the State introduced the search evidence.  Initially, we note that Gibson was aware of any alleged violation of the statutory requirements prior to trial.  During the in camera hearing the court held on this motion, Gibson testified that he brought the original, unsigned search warrants to his counsels office shortly after he was arrested.  Thus, we find Gibson could have presented this argument during the pre-trial hearing.  Furthermore, Gibson failed to timely object to the introduction of evidence on this ground during the States case.  Significantly, the objections raised by Gibson to the admission of the evidence only referenced what was discussed in the pre-trial hearing.  Accordingly, we find Gibson did not preserve these issues for appellate review.  See State v. Burton, 356 S.C. 259, 265-66, 589 S.E.2d 6, 9 (2003) (finding defendant failed to preserve issue regarding the admissibility of seized evidence where he did not make a motion in limine and did not timely move to suppress the evidence); State v. Burton, 326 S.C. 605, 609, 486 S.E.2d 762, 764 (Ct. App. 1997) (Failure to object when the evidence is offered constitutes a waiver of the right to object.); see also McKissick v. J.F. Cleckley & Co., 325 S.C. 327, 344, 479 S.E.2d 67, 75 (Ct. App. 1996) (To preserve an issue regarding the admissibility of evidence, a contemporaneous objection must be made.); cf. State v. Sampson, 317 S.C. 423, 426, 454 S.E.2d 721, 722 (Ct. App. 1995) (holding defendants failure to object to search evidence during the States case-in-chief did not bar appellate review of defendants challenge to the search warrant affidavit where the defendants raised the issue as soon as it became apparent the affidavit and the solicitors representations may have been incorrect).     
II.
Gibson next contends the trial court erred in failing to suppress the seized evidence because the search of his cell phone case exceeded the scope of a search incident to arrest and was, therefore, illegal.  Because Gibson had been arrested and was under the control of Deputy Duncan, he asserts the search was unrelated to the completed traffic stop.  Additionally, Gibson argues the search was invalid given Deputy Duncan searched property that was outside the possession and control of Gibson.  We disagree. 
As a threshold matter, we question whether this issue is properly preserved for our review.  A pretrial ruling on the admissibility of evidence is preliminary and is subject to change based on developments at trial.  State v. Smith, 337 S.C. 27, 32, 522 S.E.2d 598, 600 (1999).  Therefore, [w]e have consistently held a ruling in limine is not final, and unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review.  State v. Mitchell, 330 S.C. 189, 193 n.3, 498 S.E.2d 642, 644 n.3 (1998).
In this case, while Gibson raised the necessary pre-trial objection in the suppression hearing, Gibson did not object to the admission of several pieces of evidence at the time the evidence was introduced.  Specifically, Gibson failed to raise an objection when the State introduced the digital scales, the pill bottle, the bag that contained the cocaine, and the crack cocaine found on Gibsons person.  However, Gibson did raise an objection to the admission of the cell phone case which occurred during the examination of the first trial witness.  Additionally, Gibson objected to the admission of the other drug evidence.  Moreover, in objecting to the other drug evidence, Gibson stated, No objection on this [the admission of the crack cocaine found at the house] or the previous one [the crack cocaine found on Gibsons person], subject of course to . . . pretrial matters.  Because Gibson neglected to object to some of the evidence, he failed to preserve this issue for review as to those pieces of evidence.  See McKissick, 325 S.C. at 344, 479 S.E.2d at 75 (To preserve an issue regarding the admissibility of evidence, a contemporaneous objection must be made.).  In any event, we find Gibson arguably preserved this issue for the remaining pieces of evidence.  To the extent this issue is preserved, we find it fails on the merits.  
The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures.  Evidence seized in violation of the Fourth Amendment must be excluded from trial.  State v. Khingratsaiphon, 352 S.C. 62, 69, 572 S.E.2d 456, 459 (2002).  Generally, a warrantless search is per se unreasonable and violates the Fourth Amendment prohibition against unreasonable searches and seizures.  State v. Freiburger, 366 S.C. 125, 131, 620 S.E.2d 737, 740 (2005), cert. denied, 126 S. Ct. 2287 (2006).  However, a warrantless search will withstand constitutional scrutiny where the search falls within one of several well recognized exceptions to the warrant requirement.  Id. at 132, 620 S.E.2d at 740.   These exceptions include: (1) search incident to a lawful arrest; (2) hot pursuit; (3) stop and frisk; (4) automobile exception; (5) plain view doctrine; (6) consent; and (7) abandonment. State v. Dupree, 319 S.C. 454, 456-57, 462 S.E.2d 279, 281 (1995), cert. denied, 516 U.S. 1131 (1996). 
As stated above, one exception to the warrant requirement is a search incident to arrest.  State v. Brown, 289 S.C. 581, 587, 347 S.E.2d 882, 885 (1986).  The search incident to arrest is allowed as an exception to the warrant requirement to enable the officer to disarm the arrestee and preserve evidence.  Chimel v. California, 395 U.S. 752, 763 (1969); Freiburger, 366 S.C. at 132, 620 S.E.2d at 740.  Thus, a police officer may search an arrestee and the area within the arrestees immediate control for weapons and destructible evidence without first obtaining a warrant.  State v. Cannon, 336 S.C. 335, 339, 520 S.E.2d 317, 319 (1999) (citing U.S. v. Robinson, 414 U.S. 218 (1973)).  However, [a] search may be conducted incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest.  Brown, 289 S.C. at 587, 347 S.E.2d at 885.  
Here, the evidence seized was in a cell phone case attached to Gibsons person and clearly within his immediate control.  Deputy Duncan also conducted the search immediately after Gibson was arrested.  Therefore, we find the evidence was obtained pursuant to a lawful search incident to arrest.  Accordingly, we hold the trial court did not err in refusing to suppress the seized evidence.    
CONCLUSION
Based on the foregoing, we find the question of whether the search warrants violated certain statutory provisions is not preserved for appellate review.  Thus, the trial courts determination that the warrants were valid must stand.  We further find the evidence seized from Gibsons cell phone case was the result of a lawful search incident to arrest.  Accordingly, Gibsons convictions and sentences are 
 AFFIRMED.
GOOLSBY, BEATTY, and WILLIAMS, JJ., concur.   

[1] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Section 17-13-140 provides in pertinent part:

A warrant issued hereunder shall be issued only upon affidavit sworn to before the magistrate, municipal judicial officer, or judge of a court of record establishing the grounds for the warrant. If the magistrate, municipal judge, or other judicial officer abovementioned is satisfied that the grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched.

S.C. Code Ann. § 17-13-140 (2003).
Section 17-13-150 provides in relevant part:

When any person is served with a search warrant, such person shall be furnished with a copy of the warrant along with the affidavit upon which such warrant was issued.

S.C. Code Ann. § 17-13-150 (2003).