**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tavis Andre Colston, Appellant.

Appellate Case No. 2020-000257

_____

Appeal From York County
J. Mark Hayes, II, Circuit Court Judge

_____

Unpublished Opinion No. 2023-UP-153
Submitted January 1, 2023 – Filed April 12, 2023

_____

**AFFIRMED**

_____

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General David A. Spencer, both of
Columbia, for Respondent.

_____

**PER CURIAM:** Tavis Andre Colston appeals his conviction and sentence for
possession of methamphetamine. On appeal, Colston argues the trial court erred
by (1) denying his motion to suppress the bag of drugs that was seized from his car
without a warrant and (2) denying his motion for a continuance. We affirm.

1.  We hold the trial court did not err by denying Colston's motion to suppress because the arresting officer had probable cause to seize the drugs from Colston's vehicle under the plain view exception to the warrant requirement.  *See State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Brown*, 289 S.C. 581, 588, 347 S.E.2d 882, 886 (1986) ("Under th[e plain view] exception, objects falling within the plain view of a law enforcement officer who is rightfully in position to view these objects are subject to seizure and may be introduced in evidence.").

2.  We hold the trial court did not err by denying Colston's motion for continuance. The trial court properly exercised its discretion in denying Colston's motion. Additionally, there is no requirement that the State try cases in the order that the offenses occurred, and both parties stated at the motion hearing that they were ready to proceed with trial.  *See State v. Ravenell*, 387 S.C. 449, 455, 692 S.E.2d 554, 557 (Ct. App. 2010) ("The trial court's denial of a motion for a continuance will not be disturbed on appeal absent a clear abuse of discretion.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.